[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10995

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEON KING,
a.k.a. PK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:05-cr-00355-WFJ-MRM-1

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Leon King appeals his within-range sentence of 36 months' imprisonment with no supervised release imposed upon revocation of supervised release. On appeal, King argues that his sentence was procedurally unreasonable because the district court failed to adequately explain its sentencing decision and failed to directly address King's arguments in mitigation of his sentence. After careful review, we affirm.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016). If a party does not raise a procedural sentencing argument before the district court, we generally review only for plain error. *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010). To establish plain error, the appellant must show (1) error, (2) that was plain, and (3) that affected his substantial rights. *Id.* If these three conditions are satisfied, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Section 3553(c) requires that a district court state in open court at the time of sentencing the reasons for its imposition of the particular sentence. 18 U.S.C. § 3553(c). It further requires that if a sentence is within the guideline range and "that range exceeds 24 months," the court must specify "the reason for imposing a

sentence at a particular point within the range." *Id.* § 3553(c)(1). Notably, § 3553(c)(1) applies only where *the span of the guideline range* exceeds 24 months. *See United States v. Pippin*, 903 F.2d 1478, 1484–85 (11th Cir 1990) (stating that § 3553(c)(1) did not apply where the span of the guideline range was only six months). Section 3553(c) also requires that if a sentence is outside the guideline range, the court must state "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form." *Id.* § 3553(c)(2). We've said that we will review challenges that a district court failed to comply with § 3553(c)(1) or (c)(2) *de novo*, even if the appellant did not object in the district court. *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016) (§ 3553(c)(2)); *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006) (§ 3553(c)(1)).

Section 3553(c) does not require a full opinion in every case. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Instead, when explaining a sentence, the district court judge must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* A sentence imposed within the guideline range will "not necessarily require lengthy explanation," where the circumstances may make clear that the judge relies on the Sentencing Commission's reasoning that a sentence within the guideline range is proper in a typical case and that the present case is typical. *Id.* at 356–57. The appropriateness of the length and detail of what to write depends on the circumstances of the case, and

"[t]he law leaves much, in this respect, to the judge's own professional judgment." *Id.* at 356.

When a district court considers a party's nonfrivolous arguments, it is "not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Concepcion v. United States*, 597 U.S. 481, 501 (2022). The district court's acknowledgement that it considered the defendant's arguments at sentencing and the § 3553(a) factors is sufficient explanation for a particular sentence. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). In other words, the court need not specifically discuss each § 3553(a) factor so long as the record reflects that the court considered those factors. *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010). Similarly, the failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Here, even under *de novo* review, King's 36-month sentence was procedurally reasonable.[1] At the hearing, the district court said

---

[1] While King says plain error review applies, the government argues that *de novo* review applies since we review *de novo* challenges that a district court's explanation did not comply with § 3553(c)(1). *See Bonilla*, 463 F.3d at 1181. However, that provision does not apply here because King's guideline range before application of the statutory maximum was 33 to 41 months, which spans eight months and is *not* a range with a span that "exceeds 24 months." *See* 18 U.S.C. § 3553(c)(1); *Pippin*, 903 F.2d at 1484–85. We've not yet decided whether *de novo* review applies to an unpreserved challenge to the adequacy

23-10995                 Opinion of the Court                 5

that it had "heard from the defense and from the government" and "reviewed the 18 U.S.C. 3553(a) factors and the advisory guidelines and policies." The court said it was imposing a 36-month sentence -- King's advisory range was 33 to 41 months' imprisonment, but it was capped at 36 months due to a statutory maximum penalty -- and discussed King's criminal history, which was at a criminal history category VI *before* his federal conviction, and then King committed the prior offense that "resulted in a lengthy sentence." On top of this, the court noted, King committed the recent trafficking conviction that led to the instant revocation proceedings, which would make King's criminal history "a six-plus-plus at this point." The court added the sentence was justified by the need for King's "personal specific deterrence and protecting the public from the continued recidivism."[2] All told, the record reflects that in imposing King's sentence, the district court considered the parties' arguments and had a reasoned basis for exercising its decision-making authority. *Rita*, 551 U.S. at 356. It's also worth noting that the district court's sentence was within the guideline range, which generally will not require a lengthy explanation. *See id*. at 356–57.

---

of the district court's explanation of a sentence that does not fall within § 3553(c)(1) or (c)(2). But because, as we'll explain, King's sentence is procedurally reasonable under *de novo* review, we need not resolve this issue.

[2] In making its remarks, the court used the term "variance," but in context, it is clear that the court was explaining why it had imposed a sentence at 36 months, the upper end of the guideline range, as opposed to 33 months, the bottom of the guideline range.

As for King's claim that the district court improperly failed to specifically address his mitigating arguments, the record does not indicate that the court failed to consider those arguments. To the contrary, the court stated that it had read King's sentencing memorandum and had heard counsel's remarks at the sentencing hearing, both of which contained his mitigation arguments. Moreover, the district court thanked King and his counsel at the conclusion of each of their arguments and said that he appreciated their comments, further indicating that it considered the parties' arguments. There is simply nothing in the record to suggest that the court "erroneously 'ignored' or failed to consider this evidence." *Amedeo*, 487 F.3d at 833. Nor is there any merit to King's attempts to draw a distinction between the court's statements that it "heard" his argument as opposed to "considered" it. The length and detail of the district court's sentence is largely left to the professional judgment of the judge, and the court may use its discretion to dismiss arguments it does not find compelling without detailed explanation, as the district court did here. *Rita*, 551 U.S. at 356; *Concepcion*, 597 U.S. at 501.

In short, King has not demonstrated that the district court failed to adequately explain his sentence or otherwise procedurally erred, and we affirm.

**AFFIRMED.**